PETERSON, Bart, et al., Appellants,

v.

BORST, Philip C., Appellee,

and

Boyd, Rozelle, et al., Appellants,

v.

Sadler, Doris Anne, et al., Appellees.

No. 49S02–0302–CV–71.

Supreme Court of Indiana.

March 27, 2003.

## PUBLISHED ORDER ON APPELLANTS' MOTION TO MODIFY RESIDENCY REQUIREMENTS

The Court issued its opinion in this appeal on March 19, 2003 and, by separate order, established a deadline of March 24, 2003 within which rehearing may be sought. Within the allotted time frame, the appellants herein filed a "Motion To Modify Statutory Residency Requirements For Indianapolis City–County Council Districts." In response, the appellee filed "Appellee's Response To Appellants' Motion To Modify Residency Requirements For Council Candidates." The appellee objects to appellants' motion.

Ind.Code §§ 36–3–4–2(b) and 3–8–1–25 require that a candidate for membership on the City–County Council of the City of Indianapolis and of Marion County reside in the district in which the person seeks election for at least two years prior to the date of taking office. As the caption of their motion implies, the appellants seek an order eliminating that statutory resi-

dency requirement for purposes of the 2003 election.

Appellants express concern for incumbents or persons desiring to become candidates who may find their districts altered, and may therefore wish to relocate their residences in order to be a candidate in a different district. Appellants ask that the two-year residency requirement be set aside for those persons because they will not have time to relocate and still be candidates in the 2003 election.

The effect of appellants' request is to ask us to consider incumbency in our decision-making process. As we stated in our principal opinion in this case, we will decide the issues in this appeal "without consideration of party affiliation or incumbency." *Peterson v. Borst,* 785 N.E.2d 1097, 1098 (Ind.2003).

The "Motion To Modify Statutory Residency Requirements For Indianapolis City–County Council Districts" is denied.

All Justices concur.